## XXth CENTURY HEATING & VENTILATING CO v HOME OWNERS LOAN CORP

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided March 22, 1937

Keenan & Butler, Cleveland, for plaintiff-appellant.

C. L. Kaps, Cleveland, and J. W. Moss, Cleveland, for defendant-appellee.

## OPINION

By LEVINE, PJ.

This cause comes into this court for a review on an appeal on law. The case was submitted to the Municipal Court of the city of Cleveland on an agreed statement of facts stipulated between the parties. The stipulation appears in the bill of exceptions, which is as follows:

"AGREED STATEMENT OF FACTS"

I

"Plaintiff, The XXth Century Heating & Ventilating Company and the Home Owners Loan Corporation are corporations.

II

"On June 20, 1928, The Central United National Bank of Cleveland became the holder of a first mortgage on the premises at 11020 Governor Avenue, Cleveland, Ohio, which mortgage was recorded in Volume 3624, page 421 on the 20th day of June, 1928, and was in force and effect until January 7, 1934.

III

"On or about the 7th day of January, 1934 the Home Owners Loan Corporation paid to the Central United National Bank the sum of $5,361.42 in full settlement and satisfaction of said first mortgage held by said Central United National Bank.

IV

"On or about the 7th day of January, 1934, Alex Fazekas and his wife, Irene Fazekas, executed and delivered to the Home Owners Loan Corporation, a first mortgage deed on the premises known as 11020 Governor Avenue. Said mortgage was filed for record on the 7th day of February, 1934. A copy of said mortgage is attached hereto and marked "Exhibit A."

V

"Alex Fazekas, being the owner of premises located at 11020 Governor Avenue, Cleveland, Ohio, on the 17th day of December, 1930, entered into a conditional sales contract with The Donnelly Sheet Metal & Furnace Company for installation of two (2) No. 2245 Portage furnaces on the premises at 11020 Governor Avenue. In this contract it was specifically agreed that said furnace should remain personal property.

VI

"The conditional sales contract entered into between The Donnelly Sheet Metal & Furnace Company and Alex Fazekas was filed for record on July 16, 1932, and is known as Instrument No. 2380962. A copy of said contract and note is attached hereto and marked "Exhibit B."

## VII

"Simultaneously with the execution of the contract with The Donnelly Sheet Metal & Furnace Company, Alex Fazekas gave his note to The Donnelly Sheet Metal & Furnace Company for the sum of $266 which was the balance due on the purchase price of the two furnaces.

## VIII

"The conditional sales contract entered into between The Donnelly Sheet Metal & Furnace Company and Alex Fazekas was assigned to The XXth Century Heating & Ventilating Company, prior to the maturity of any payments on said note or contract. This assignment was duly noted on the records at the recorder's office.

## IX

"Pursuant to said contract, The Donnelly Sheet Metal & Furnace Company removed two furnaces which were part of the premises on the date the mortgage to the Central United National Bank was executed and installed two new Portage hot air furnaces in the dwelling at 11020 Governor Avenue. Said furnaces were of galvanized sheeting and iron construction. Because of their size and weight they were brought into the premises piece by piece and set up in the basement. These furnaces are not fastened to the floor in the basement. They are held in place by their own weight. No registers, boxings or hot air ducts were installed. These furnaces were connected to pipes and ducts already on the premises. Connections between the furnaces and pipes were made by the use of collars composed of galvanized sheeting. These collars are affixed by the use of screws easily detached.

## X

"The Home Owners Loan Corporation had no actual notice whatever of any contract between The XXth Century Heating & Ventilating Company and the said Alex Fazekas regarding said furnaces and their installation.

## XI

"Alex Fazekas defaulted in the payments under his contract with The Donnelly Sheet Metal & Furnace Company and on or about April 1, 1935, The XXth Century Heating & Ventilating Company filed an action in the Municipal Court of Cleveland, being case No. 769,257, in which judgment on the note was asked and a second cause of action foreclosing the equity Alex Fazekas had in the furnaces. Neither the Home Owners Loan Corporation nor The Central United National Bank was made a party defendant. Issues in the case were made upon the filing of the answer by Alex Fazekas and the reply of The XXth Century Heating & Ventilating Company. On November 22, 1935, the case was called and judgment was granted the plaintiff in the sum of $127.36 on the first cause of action and a decree was made for the plaintiff on the second cause of action. A copy of the journal entry is attached hereto and marked "Exhibit C."

## XII

"Pursuant to the decree granted on November 22, 1935, The XXth Century Heating & Ventilating Company directed the bailiff of the Municipal Court of Cleveland to advertise and sell the two (2) furnaces located at 11020 Governor Avenue in satisfaction of the judgment for $120.36 and the costs. Said furnaces were duly advertised and the sale was set for 11 o'clock A. M. on February 3, 1936, at which time the Home Owners Loan Corporation and the defendant, Alex Fazekas, filed their separate motions to stay the sale."

The Home Owners Loan Corporation, by leave of court filed its answer and cross-petition. In its first cause of action it sets forth the execution and delivery of the note signed and executed by Alex Fazekas and his wife, Irene Fazekas.

In its second cause of action it sets forth the mortgage which was executed and delivered by Alex Fazekas and his wife to the Home Owners Loan Corporation in order to secure the note. It alleges that by virtue of the mortgage it acquired a lien on all the real estate, appurtenances and fixtures on said premises; that the said property, to-wit, the two furnaces are attached to and are part of the real estate herein described and upon which the Home Owners Loan Corporation has a lien and are a permanent accession to said real estate. The prayer of the cross petition is that the Home Owners Loan Corporation be declared to have a first and best lien on said premises and on all of the fixtures annexed thereto including the two furnaces; that the journal entry previously entered by the court, decreeing foreclosure in favor of The Donnelly Sheet Metal & Furnace, Company be vacated.

The prayer of the cross petition was granted by the Municipal Court of Cleveland. We are asked to reverse the decision of the Municipal Court. Two questions are presented for our consideration.

1. Did the furnaces placed in the residence of Alex Fazekas and Irene Fazekas, located at 11020 Governor Avenue, Cleve-

land, Ohio, become part of the realty to such an extent as to pass with the realty to a subsequent grantee or encumbrancer of the realty?

2. Does the filing of a conditional sales contract covering chattels, operate as constructive notice to a subsequent grantee or mortgagee of the realty, if the articles covered by the conditional sales contract have become fixtures and would otherwise be deemed part of the realty?

We shall consider these questions in their order. Is it necessary that the fixtures be actually attached before they can be regarded as part of the realty? It is generally settled that the old tests of physical character of annexation are discarded and the modern trend of authority is adverse to any arbitrary or fixed rule by which it may be determined whether a chattel is or is not a fixture.

"In order to he merged in the realty it is not necessary that a chattel be physically attached to the realty at all times. There may be constructive as well as physical annexation." Roderick v Sanborn, 76 Atl. 262 (Maine).

"Any article which is indispensable to carrying on the specific business and necessary to the operation of the plant upon the premises is a fixture and part of the real estate regardless of whether it is physically attached thereto or not." Titus v Poland Co., 275 Penn. 431, 119 Atl. 540.

From the fact that the premises where the furnaces were placed were being used and were intended to be used for a dwelling, the conclusion is inescapable that these furnaces were indispensable to the operation of the premises as a whole and were intended to be used as such. We are of the opinion that these furnaces placed upon the premises must be regarded in law as part of the realty.

Proceeding to the question as to the legal effect of the filing of the conditional sales contract covering said furnaces, it is urged by the appellant that such filing operates as constructive notice to subsequent grantees or mortgagees of the realty; that the existence of the conditional sales contract prevented the furnaces from becoming a part of the realty. It would seem from the weight of authority that the rights of the conditional seller of fixtures and the purchaser or mortgagee of the realty to which such fixtures are attached, are dependent upon the notice that the vendee or mortgagee of the realty had of such conditional sale. It seems to be almost uniformly held that the rights of the purchaser or mortgagee of the realty without actual notice of the claim of the seller of fixtures are unaffected by the latter's retention of the title thereto or reservation of the right to retake them upon default in payment of the purchase price. See 13 A.L.R. 449.

"Where the grantee or mortgagee of the realty takes with actual notice of the rights of the seller of fixtures, such rights may be asserted against him with the qualification that the property may be removed without material injury to the realty or to itself." 19 Ohio Juris. 93-97.

While it is true that the filing of the conditional sales contract usually operates as constructive notice and that all persons are charged with notice by operation of law, it cannot be made to apply to a situation where the chattel becomes part of the realty.

If these furnaces were not regarded in law as being part of the realty, the filing of the conditional sales contract would operate as notice to all persons having any dealings involving the furnaces. The doctrine of constructive notice is limited to chattels. It is notice only of encumbrances upon chattels. The purchaser or mortgagee of realty upon which furnaces were placed is not charged with such notice because these furnaces are usually regarded as part of the realty.

From all appearances the mortgagee in this case had a right to regard these furnaces as part of the realty. It appears that the mortgagee in this case had no actual notice of the conditional sales agreement. While it is true that the conditional sales contract was on file and serves as constructive notice to the world, it does not serve as such notice to the mortgagee in this case. Were the rule otherwise, it would in all probability become productive of injustice. The vendor knew that these furnaces would be placed upon the premises as a permanent accessory and essential to the occupation of the house as a dwelling. While the furnaces retain their character as chattels, the doctrine of constructive notice of the existence of the conditional sales contract would apply. When the same were placed upon the realty and became part thereof, such constructive notice does not apply.

We therefore conclude that the judgment of the Municipal Court of Cleveland was correct and the same is hereby affirmed.

LIEGHLEY, J, concurs in judgment.
TERRELL, J, not participating.