**ROSE**

v.

**MARLOWE'S CAFE, INC.; Huwer.**

Court of Common Pleas of Ohio,
Hamilton County.

No. A–9108629.

Decided Nov. 7, 1994.

*Thomas E. Dunlap*, for Patricia A. Rose.

*John G. Cobey*, for David H. Huwer.

ANN MARIE TRACEY, Judge.

This matter came before the court for trial on the motion of third-party claimant David H. Huwer ("Huwer") pursuant to R.C. 1913.42 for a trial of right of property. The action arises as a result of a judgment order of possession entered by this court on November 16, 1992, entitling plaintiff Patricia A. Rose ("Rose") to repossession of certain personal property located on the premises used in connection with Marlowe's Cafe, Inc. and Gas House/Vienna. Huwer asserts he is the owner and possessor of the premises in question, 5905, 5907 and 5907½ Hamilton Avenue, that irreparable harm will result if the levy is executed and that the plaintiff is not otherwise entitled to repossess the items sought. The court has been fully advised in the premises, having conducted the trial in this matter and having reviewed the evidence and applicable law.

A writ of possession was entered as a result of the security interest that plaintiff Rose had in certain fixtures used in connection with the operation of a restaurant by Michael Miller ("Miller"). Miller defaulted on a loan to Rose; she consequently sought to execute on her security interest in the property. The items that are the subject of this hearing with respect to her right to repossess

are the following: a Norwalk commercial upright refrigerator, an exhaust fan, a five-ton air conditioning unit on the roof, the hood and exhaust system, the Ansul system, the sign on the front of the building, the Bevador, the back bar, the mirrors, the bar and sink, ceiling fans and track lights, a walk-in cooler, and a sink and grease trap. Third-party claimant Huwer contends that certain of these items were purchased by him when he bought the property in 1982 and that otherwise plaintiff has failed to establish a right of entitlement to the property.

Through counsel, plaintiff agrees that property present and purchased by the Huwers in 1982 properly belongs to the Huwers and is not subject to security interest or repossession by Rose. The evidence established that the following items were present on the property and purchased by the Huwers with their purchase of the real estate:

Norwalk commercial upright refrigerator

Exhaust fan

Hood and exhaust system

Ansul system

Sign on the front

Bevador

Back bar, with the exception of some improvement

Mirrors

Bar

Walk-in cooler

Sink

The evidence further established that the following items were improvements added by Michael Miller:

Ceiling fan and light tracks

Air-conditioning unit now on the property

A portion of the back bar

The evidence further established that there was a third category of items, that is, those added to the premises after Miller's tenancy. These are the sink in the bar, new as of 1990, and the grease trap, also new.

With respect to the first category of items, that is, the items existing on the property as of 1982, the court finds pursuant to the evidence and stipulation of counsel that these items are the property of third-party claimant David H. Huwer and are not subject to replevin or repossession by plaintiff Rose.

With respect to the third category of items, items added to the property since 1982 but not added by Miller and neither present nor subject to a security interest, the court finds that these items, to wit, a grease trap and the bar sink, are properly the property of third-party claimant Huwer and are not subject to repossession by plaintiff Rose.

■ Finally, with respect to the third category, the court addresses these items: the added portion of the bar, the ceiling fan and track lights, and the air conditioning unit. As the Supreme Court of Ohio established in *Teaff v. Hewitt* (1853), 1 Ohio St. 511, syllabus, a chattel, "[a] fixture is an article * * * but which, by being affixed to the realty, became accessory to it, and parcel of it." A fixture may be removed only if the premises would not be injured in the removal or otherwise would be put in a worse plight. It is a requirement of a fixture that the item actually be affixed to or next to the realty. Generally this means that the chattel must be so attached that it loses its identity as chattel or that it cannot be removed without injury to itself or the freehold.

■ With respect to the air conditioning unit, Miller testified that he purchased this unit to replace the unit that was on the premises but was not working properly. A furnace has been deemed so indispensable to the operation of premises that it must be regarded as part of the realty. See *XXth Century Heating & Ventilating Co. v. Homeowners' Loan Corp.* (1937), 56 Ohio App. 188, 8 O.O. 237, 10 N.E.2d 229. See, also, *Holland Furnace Co. v. Trumbull S. & L. Co.* (1939), 135 Ohio St. 48, 13 O.O. 325, 19 N.E.2d 273, and *Frings v. Farm Bur. Mut. Fire Ins. Co.* (1955), 99 Ohio App. 293, 59 O.O. 54, 133 N.E.2d 407. Here, the air conditioning unit is similarly indispensable to the operation of a commercial bar and restaurant, which is the current use of the property. The court therefore finds that this item is a fixture and may not be removed.

■ With respect to apparent woodwork that Miller added to the bar area, the court finds that the extent and description of what part of the woodwork this entails is somewhat vague and is not subject to specific definition for purposes of tearing it out. It also has value intrinsic to other fixtures owned by Huwer and would put the owner of the property in a disadvantaged position.

■ With respect to the ceiling fans and track lights, the court finds that these items are not fixtures and may be removed. However, in permitting the removal the court directs that any damage done to the property or exposure of openings or holes must be repaired and remedied by the plaintiff. The court notes claimant Huwer contends that it was necessary to have removed the items during Miller's tenancy. However, as Miller testified, he attempted to remove additional items, but was physically blocked in doing so. The court finds this is not a dispositive obstacle.

In summary, then, the court finds with the exception of the ceiling fans and track lights, the items are fixtures and/or are not subject to repossession by plaintiff Rose.

*So ordered.*