42 So.2d 452

**SILVERMAN v. MAZER LUMBER & SUPPLY CO., Inc.**

6 Div. 840.

Supreme Court of Alabama.
Oct. 20, 1949.

Dan P. Barber, of Birmingham, for appellant.

E. M. Zeidman, of Birmingham, for appellee.

SIMPSON, Justice.

This appeal, by the lessee of a store building in Birmingham, Alabama, questions the action of the circuit court in equity in overruling the demurrer to the bill as amended, wherein the appellee sought to establish a lien to secure the payment of an alleged balance due for the installation "of a year-round comfort air conditioning system" in the leased building, the installation allegedly having been done under a contract with lessee's duly authorized agent.

The demurrer was to the bill as a whole and if the bill contains equity in any aspect, the demurrer was properly overruled. Wells v. Wells, 249 Ala. 649, 32 So. 2d 697.

The bill sought, inter alia, to establish a lien on the leasehold interest of appellant. Code 1940, Title 33, § 39, as pertinent, provides: "When the building or improvement is erected under or by virtue of any contract with a lessee in possession, and the erection thereof is not in violation of the terms or conditions of the lease, the lien shall attach to such building or improvement, and to the unexpired term of the lease, and the holder of the lien shall have the right to avoid a forfeiture of the lease by paying rent to the lessor, as it becomes due and payable, or by the performance of any other act or duty to which the lessee may be bound; * * *." The effect of this provision is also to give a mechanic or a materialman a lien on the leasehold interest of a tenant when an improvement is made to an existing building, thus according to the appellee the benefit of the statute to enforce its lien against the appellant's leasehold interest.

There were also grounds of the demurrer taking the point that since the statute makes provision that the erection of the improvement must not be "in violation of the terms or conditions of the lease" that affirmative allegation negativing such fact must appear in the bill and that from aught appearing from the bill's allegations, the system installed could have been in violation of the terms of the lease. The contention is without merit. This provision in the statute is evidently designed for the benefit of the landowner or lessor and would not be available to be pleaded as a defense to a bill to establish the lien as against the lessee, who authorized the erection of the installation or improvement, since the lessee could not plead her own wrong as a defense to the action.

The remaining argument for a reversal is that from aught appearing from the allegations of the bill, the air conditioning system was an article of personal property and therefore not the subject of the statute. True, the quoted section, as well as § 37, Title 33, "were intended to attach the lien only to the land or the leasehold and to additions to the land, and not to articles of personalty." Forbes v. Alabama Machinery & Supply Co., 176 Ala. 423, 429, 58 So. 398, 400.

Yet, the air conditioning system described was not a trade fixture (excepted from the operation of the statute giving

such a lien) and from the allegations the system appears to have been attached in some manner to the realty—the building—and the general rule is that whatever is attached to the realty, though but slightly, is prima facie a part thereof. Forbes v. Alabama Machinery & Supply Co., supra; Parker v. Blount County, 148 Ala. 275, 41 So. 923; Bank of Opelika v. Kiser, Moore, Draper Co., 119 Ala. 194, 24 So. 11. Our view, therefore, is that the allegations of the bill, aided by the stated principle of law obtaining in such cases, sufficed to bring the case within the purview of said § 39 allowing the appellee a lien on the leasehold interest of appellant. So considered, the decree overruling the demurrer is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.