**In the Matter of Kenny Dale ALBRIGHT, SSN: 423–82–3818, Katy Sue Albright, SSN: 417–90–7970, Debtors.**

**Bankruptcy No. 97–81180–JAC–13.**

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Nov. 5, 1997.

Vera Smith Hollingsworth, Decatur, AL, for Debtors/Defendants.

Bowdy Brown, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, for Movant/Plaintiff.

William N. Pitts, Sheffield, AL, Trustee.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This cause came on to be heard on the motion by First Union National Bank of North Carolina ("bank") for relief from the automatic stay to proceed with foreclosure against debtors' residence due to default in postpetition payments. The hearing in this matter was held on the 1st day of October 1997. At the hearing, the Albrights testified that they vacated the property and consented to the lifting of the stay with regard to the house; however, debtors did not consent to the lifting of the stay with regard to two Trane heat pumps purchased by debtors subsequent to execution of the mortgage. The parties were granted thirty (30) days to brief the issue of whether the debtors have the authority to exempt the replacement heat pumps as personal property, or whether the heat pumps are fixtures subject to the mortgage held by the bank. Upon due consideration of the pleadings, arguments of counsel, and relevant law, the Court finds that the heat pumps are fixtures subject to the mortgage held by the bank and cannot be removed from the premises by debtors as exempt property.[1]

On October 17, 1996, the Albrights executed a note with the bank in the amount of $129,000.00. As security for the note, the debtors executed a mortgage in favor of the bank on the real property described in the mortgage, as well as, a security interest in after-acquired property. Subsequently, the Albrights purchased two heat pumps to replace the existing heating and air-conditioning system in their home. The Tennessee Valley Authority ("TVA") financed the heat pumps and a third party co-signed the loan for same. On or about November 8, 1996, TVA filed a financing statement maintaining a purchase money security interest in the heat pumps.

On March 23, 1997, the Albrights filed a voluntary petition for relief under chapter 13 of title 11 of the Bankruptcy Code. On schedules B and C of their petition, debtors listed an "air conditioner unit" as exempt personal property in the amount of $7,500.00 pursuant to section 6–10–6 of the Alabama Code. The debtors seek to remove the subject property from the real estate as exempt personal property.

In determining whether the heat pumps become part of the real estate so as to fall under the after acquired property provisions of the mortgage, "improvements," it is necessary to determine whether they are fixtures or personal property. To do so, the Court must look to applicable state law. *See In re Morphis*, 30 B.R. 589, 591 (Bankr.N.D.Ala. 1983). The Alabama Code defines fixtures as goods that have "become so related to a particular real estate that an interest in them arises under real estate law." ALA. CODE 17–2A–309(*l*)(a) (1975). Alabama courts have held that a fixture is " 'an article which was once a chattel, but which, by being physically annexed or affixed to the realty, has become accessory to it and part and parcel of it.' " *In re Morphis*, 30 B.R. at 590 (citations omitted). In the oft quoted case of *Langston v. State*, 96 Ala. 44, 11 So. 334 (1892), the Alabama Supreme Court established the criteria for determining whether an item is to become part and parcel of the real estate to which it is attached as follows:

(1) Actual annexation to the realty or to something appurtenant thereto;

(2) appropriateness to the use of purposes of that part of the realty with which it is connected;

(3) the intention of the party making the annexation of making permanent attachment to the freehold.

*Id.* 11 So. at 335; *See also Kennedy v. Lane Foods, Inc. (In re Kennedy)*, 192 B.R. 282 (Bankr.M.D.Ga.1996)(applying the *Langston* criteria to determine whether a restaurant building affixed to real property qualified as a part of the realty under Alabama law); *In re Morphis*, 30 B.R. at 590 (utilizing

---

1. This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

the *Langston* criteria to find a mobile home became a fixture where debtor voluntarily moved the mobile home onto his lot, removed the wheels and attached plumbing lines thereto). For the reasons set forth below, the Court finds that the movant has satisfied these requirements in the case at bar.

With regard to the first element, actual annexation, the Albrights allege that the financing company required debtors to install the heat pumps so as to allow same to be removed without damage to the realty. It is not essential, however, to the element of actual annexation that a fixture's "annexation to the freehold be made absolutely permanent." *Langston v. State,* 11 So. at 336. Indeed, the Alabama Supreme Court has held that the general rule for purposes of determining whether a good is a fixture is that "whatever is attached to the realty, though but slightly, is prima facie part thereof." *Silverman v. Mazer Lumber & Supply Co.,* 252 Ala. 657, 42 So.2d 452, 453 (1949).

Although the parties were unable to cite any Alabama cases· concerning the attachment of heat pumps to realty, the case of *Household Fin. Corp. v. BancOhio,* 62 Ohio App.3d 691, 577 N.E.2d 405 (1989) is instructive on the issue. ·In that case an Ohio appellate court determined that a heat pump was a fixture where the heat pump was located outside the house and bolted to a concrete slab with wires and tubes going into the house. The court noted that the element of annexation is satisfied by "slight physical attachment." *Id.* 577 N.E.2d at 406 (quoting the case of *Holland Furnace Co. v. Trumbull Savings & Loan Co.* 135 Ohio St. 48, 19 N.E.2d 273 (1939) in which the Ohio Supreme Court determined whether a warm-air furnace installed by slight physical attachment was a fixture). Although the heat pumps in the present case could undoubtedly be removed from the house, the Court finds the same to be sufficiently, even if slightly, attached to the realty to satisfy the element of actual annexation.

To satisfy the second element of a fixture, the heat pumps must be appropriate to the purpose of the use of the realty to which they are attached. In the *Household Finance* case, the court discussed the function and purpose of heat pumps for purposes of determining the second test as follows:

[The heat pump is] indispensable for the comfortable enjoyment of a dwelling house in this climate. When installed, it certainly became an integral and necessary part of the whole premises.... The adaptation of the chattel ... to the permanent use and enjoyment of the freehold; the lack of utility of the premises if it were severed and the necessity of replacing it with another or similar kind if it were removed, all indicate that the second test of a fixture is satisfied in the case of this [heat pump].

*Id.* at 407 (citations omitted). Similarly, the Court finds that the heat pumps in the case at bar are clearly integral to the function and the purpose of the subject house.

With regard to the final element of a fixture, intent can be inferred from the "nature of the article annexed, the relation of the party making the annexation, the structure and mode of annexation, and the purposes and uses for which the annexation has been made." *In re Kennedy,* 192 B.R. at 287–88. The intention of the party making the annexation is the controlling factor in determining the character of the article annexed. *Id.* (citing *Langston v. State,* 11 So. at 335–36).) Intent to affix property to the realty is presumed where a debtor voluntarily annexes same to the realty. *In re Morphis,* 30 B.R. at 591(citing *Milford v. Tennessee River Pulp & Paper Co.,* 355 So.2d 687 (Ala.1978)).

In the case at bar, the Court finds that the heat pumps satisfy the third element of a fixture. The heat pumps are connected to the house and constitute the heat and air-conditioning source for same. Removal of the heat pumps would necessitate the replacement of the heat ·source to make the house habitable. The Albrights enjoyed the benefit of the original heating and air-conditioning system securing the bank's mortgage. Although the Albrights were under no obligation to replace the system when worn out by their use, they chose to purchase replacement heat pumps to benefit their home. These actions evidence an intent on the part of the Albrights to permanently affix the

heat pumps to their residence such that the same became a part of the realty.

Therefore, the Court finds that the Albrights cannot remove the heat pumps from the house because debtors' mortgage contains an after-acquired property clause granting the bank a security interest in all "improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents all of which shall be deemed to be and remain a part of the property conveyed by this Mortgage.... " Pursuant to the terms of the after-acquired property clause, all improvements made to the property are considered to be part of the bank's security interest. After acquired-property clauses are standard as it would create havoc if a mortgagor, faced with foreclosure, were permitted to remove heat pumps and other accessions to the home replaced by mortgagor after the original mortgage was given.

 Finally, the Court notes that the Albrights have waived their right to exempt the heat pumps because the mortgage is a voluntary conveyance. On October 17, 1996, debtors executed a mortgage in favor of the bank and granted the bank a security interest in the residence together with all improvements now or thereafter erected on the property. Section 522(g)(1)(A) of the Bankruptcy Code preserves the right of a debtor to claim an exemption in property recovered pursuant to an avoidance proceeding, but only if the debtor did not voluntarily transfer the property or cause the same to be concealed. *See Schieffler v. Beshears (In re Beshears)*, 182 B.R. 235, 239 (Bankr.E.D.Ark.1995)(determining that debtor could not exempt property recovered by the trustee having voluntarily transferred the property prepetition); *See also First Bank v. Sloma (In re Sloma)*, 43 F.3d 637 (11th Cir.1995)(rejecting debtor's Bankruptcy Rule 4003(b) argument and finding that a debtor cannot claim as exempt property that he does not own). The Albrights cannot now claim the heat pumps as exempt having voluntarily transferred same to the bank pursuant to the terms of debtors' mortgage.

A separate order will be entered consistent with this opinion.