**In re Roy Dale ADKINS and Beth Ann Adkins, Debtors.**

No. 10–41801.

United States Bankruptcy Court, N.D. Ohio.

Jan. 28, 2011.

Stacey L. Alejars, Columbiana, OH, for Beth Ann Adkins, Roy Dale Adkins.

Scott P. Ciupak, The Law Offices of John D Clunk, Stow, OH, for HSBC Mortgage Services, Inc.

Stephen D. Miles, Dayton, OH, for Wells Fargo Bank, N.A.

Linh Tran, Seattle, WA, for CR Evergreen, LLC.

## MEMORANDUM OPINION REGARDING DEBTORS' OBJECTION TO CLAIM NO. 4 CONCERNING ISSUE OF SECURITY INTEREST

KAY WOODS, Bankruptcy Judge.

This cause is before the Court on Objection to Proof of Claim No. 4 of Wells Fargo Financial National Bank ("Objection to Claim") (Doc. # 21) filed by Debtors Roy Dale Adkins and Beth Ann Adkins on October 20, 2010. Wells Fargo Financial National Bank ("Wells Fargo") filed Response to Debtor's [sic] Objection to Proof of Claim (Claim # 4) and Request for Hearing ("Response") (Doc. # 24) on November 18, 2010.

In the Objection to Claim, the Debtors seek to reclassify Claim No. 4 from secured to general unsecured on the grounds that Wells Fargo agreed "not [to] claim a security interest or other lien" in their residence after installation of certain windows. (Obj. to Claim at 1.) Wells Fargo countered that it obtained a purchase money security interest ("PMSI") in the windows and, thus, it holds a secured claim. (Resp. at 1.)

The Court held a hearing on the Objection to Claim on December 2, 2010. At the hearing, the Debtors argued that Wells Fargo had lost the security provided by the PMSI because the windows constituted "ordinary building materials" as set forth in O.R.C. § 1309.334. Wells Fargo argued that it had a perfected security interest in the windows based on the PMSI. After hearing the arguments of counsel, the Court requested the parties to brief whether Wells Fargo continued to have a perfected security interest in the windows after they were installed. As a consequence, on December 21, 2010, the Debtors timely filed Debtors' Brief Regarding Objection to Proof of Claim No. 4 of Wells Fargo Financial National Bank ("Debtors' Brief") (Doc. # 27). Wells Fargo timely filed Brief of Wells Fargo Financial National Bank in Support of its Secured Claim Filed as Claim Number 4 ("Wells Fargo's Brief") (Doc. # 28) on January 3, 2011.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the general order of reference (General Order No. 84) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I. FACTS

As set forth in the parties' Briefs, the facts in this matter are not in dispute. Instead, the parties dispute only whether,

based on these undisputed facts, Wells Fargo has a secured claim. The parties agree to the following facts:

1. Debtors filed a voluntary chapter 13 petition on May 14, 2010 ("Petition Date").

2. On May 20, 2010, Wells Fargo filed a proof of claim, denominated Claim No. 4, as a secured claim in the amount of $6,618.31. The security for Claim No. 4 was a PMSI in certain windows purchased by the Debtors from Weather Tite Windows ("Weather Tite").[1]

3. On September 17, 2009, Beth Ann Adkins[2] entered into a contract with Weather Tite for the purchase of windows to be installed at the Debtors' residence. She signed a one-page agreement, which was referred to as a "Charge Slip." (*See* Obj. to Claim, Ex. A.)

4. The windows constitute consumer goods.

5. The Debtors' purchase of the windows created a PMSI held by Wells Fargo.

6. The windows are fixtures.

7. Wells Fargo had a perfected security interest in the windows when: (i) the Debtors signed the Charge Slip; (ii) Wells Fargo extended credit to the Debtors; and (iii) the windows

were delivered to the Debtors. *See* O.R.C. § 1309.203.

8. Wells Fargo did not complete a fixture filing, but instead relies only on the PMSI for its secured interest.

## II. LEGAL ANALYSIS

The sole issue for this Court to decide is whether Wells Fargo's PMSI continued in the windows after they were installed. If so, then Wells Fargo has a perfected security interest in the windows and, thus, Claim No. 4 should be allowed as a secured claim. If the PMSI was lost when the windows were installed, Wells Fargo does not have a perfected security interest and, thus, the Debtors' Objection to Claim is well taken.

Chapter 1309 of the Ohio Revised Code contains Ohio's version of the Uniform Commercial Code. Section 1309.334 states: "(A) A security interest under this chapter may be created in goods that are fixtures or may continue in goods that become fixtures. A security interest does not exist under this chapter in ordinary building materials incorporated into an improvement on land." O.R.C. § 1309.334 (Page's 2010). As a consequence, the fact that the windows were attached or affixed to the Debtors' residence—thereby becoming fixtures—does not control whether Wells Fargo continues to have a security interest in the windows.[3]

---

1. Although not mentioned in Claim No. 4, in its Brief, Wells Fargo also references the "hanging paragraph" in 11 U.S.C. § 1325(a) as the basis that it has a secured claim—*i.e.*, Wells Fargo has a PMSI in consumer goods that were purchased within one year prior to the Petition Date. However, this paragraph only deals with whether a secured claim is subject to cramdown. The hanging paragraph provides no independent basis for this Court to find that Wells Fargo's claim is secured.

2. Despite the fact that only Debtor Beth Ann Adkins signed the Charge Slip, Wells Fargo

asserts—and the Debtors apparently concur—that the debt to Wells Fargo constitutes a joint debt of the Debtors.

3. The Charge Slip expressly states: "SECURITY INTEREST. Where applicable, you give us a purchase-money security interest in any goods, described in this charge slip. We will not claim a security interest or other lien (except judgement [sic] liens) in your principal dwelling. You agree that *any property described in this charge slip will remain per-*

As set forth above, O.R.C. § 1309.334(A) excepts fixtures from a PMSI[4] if they are "ordinary building materials incorporated into an improvement on land." The Debtors argue that the windows do, indeed, constitute "ordinary building materials" and that such ordinary building materials were incorporated into an improvement on land when they were installed at their residence. The Debtors rely on *In re Ryan*, 360 B.R. 50 (Bankr. W.D.N.Y.2007) in support of their position. (Debtors' Brief at unnumbered 2.)

In its brief, Wells Fargo argues only that (i) the windows are fixtures; (ii) the Debtors consented to the lien in the windows when they signed the Charge Slip; (iii) Wells Fargo's interest in the windows is a secured interest, subject to superior rights of third parties, but not the rights of the Debtors; and (iv) the Debtors must pay the full balance of the claim because it is based on a PMSI in consumer goods incurred during the one-year period prior to the Petition Date. (Wells Fargo's Brief at unnumbered 2.) By arguing that the windows are fixtures, Wells Fargo acknowledges that the windows are "incorporated into an improvement on land." At no time has Wells Fargo argued or assert-ed that the windows are *not* ordinary building materials.

Neither party cited and this Court could not find any state or federal case that interpreted or defined what consti-tutes "ordinary building materials incorpo-rated into an improvement on land," as set forth in O.R.C. § 1309.334(A). There can be no question that windows, when install-ed in a building are "building materials." *See Teaff v. Hewitt*, 1 Ohio St. 511, 528 (Court referred to "doors, windows, win-dow-shutters" as fixtures to a house.); and *MPS Trimco, Inc. v. Lewis*, 1993 WL 39921, at *2, 1993 Ohio App. LEXIS 1098 at *5 (Ohio App.1993) ("Builders Way is engaged in the business of selling residen-tial building materials such as windows, doors, kitchen cabinetry, bath accessories, skylights, and appliances.") Since win-dows are building materials, the only ques-tion is whether the windows in the instant case are "ordinary building materials."

*In re Ryan*, which was cited by the Debtors, appears to be the only case that has ruled on this U.C.C. section in the bankruptcy context. The facts in the *Ryan* case are similar to the facts in the instant case except for the type of building materials in question. In the *Ryan* case,

---

sonal property and will not become a fixture even if attached to real property." (Obj. to Claim, Ex. A (emphasis added).) The Charge Slip contains blanks for (i) the name and address of the customer; (ii) the goods to be purchased; and (iii) the price. In all other respects, however, the language in the Charge Slip was pre-printed and not negotiated. Notwithstanding the provision that personal property would not become a fixture, this Court finds that, by their attachment to the residence, the windows are, in fact, fixtures. There is no dispute about this issue, however, because both the Debtors and Wells Fargo argue that the windows are fixtures. (*See* (i) Debtors' Brief at 2—"[T]he windows became a fixture upon being installed on the Debt-ors'real property[;]" and (ii) Wells Fargo's

Brief at 2—"The Windows are a [sic] fix-tures.")

4. A party may perfect a security interest in a fixture by making a fixture filing. *See House-hold Finance Corp. v. BancOhio*, 62 Ohio App.3d 691, 695, 577 N.E.2d 405 (Ohio Ct. App.1989) (explaining that "In order to pro-tect its purchase money security interest in the heat pump, Household Finance should have executed a fixture filing. R.C. 1309.21(A)(4) discloses: 'A financing state-ment must be filed to perfect all security interests except * * * [a] purchase money se-curity interest in consumer goods; but fixture filing is required for a priority over conflict-ing interests in fixtures to the extent provided in section 1309.32 of the Revised Code.' ")

the debtors had purchased a bathtub pre-petition and had borrowed $3,966.00 from Wells Fargo to finance the purchase. *In re Ryan*, 360 B.R. at 51. Those debtors had also signed a "charge slip" that granted Wells Fargo a PMSI. *Id.* As in the instant case, Wells Fargo filed a proof of claim asserting a secured claim for the debt. New York's version of the U.C.C. has identical language to Ohio's statute. "Pursuant to the first sentence of U.C.C. Law § 9–334(a), a perfected security interest in goods will generally continue even after they have become a fixture to real property.... An exception to this rule arises from the second sentence of U.C.C. Law § 9–334(a), however, with respect to 'ordinary building materials.'" *In re Ryan*, 360 B.R. at 52. The bankruptcy court reasoned, "To the extent that it is an ordinary building material, the bathtub has become part of the debtors' real property and is no longer subject to any lien of Wells Fargo." *Id.* However, the court questioned whether the bathtub was *ordinary* building material and determined that it was not because it was "no simple bathtub." *Id.* at 53. The bankruptcy court found that the bathtub in question had luxury features and had been purchased from a specialty store rather than a common supplier of building materials. *Id.* For this reason, the court held that the exception in § 9–334(a) did not apply and Wells Fargo continued to have a security interest in the bathtub.

The *Ryan* court determined that the bathtub was extraordinary because the debtors had purchased "related walls, coiling and other fixtures" in addition to the tub. *Id.* In the instant case, there is no basis for this Court to find that the windows in question are anything but ordinary building materials. The Debtors state the windows are "typical windows installed in an average house." (Debtors' Brief at 2.) The Charge Slip merely identifies the goods to be purchased as "windows." Indeed, Wells Fargo makes no argument that the windows are anything other than ordinary. As a consequence, this Court finds that the windows are "ordinary building materials" that fall within the exception in the second sentence of O.R.C. § 1309.334(A). Accordingly, Wells Fargo's PMSI did not continue in the windows once they were "incorporated into an improvement on land"—*i.e.*, installed in the Debtors' residence. Wells Fargo did not have a secured claim after the windows were installed. The Debtors' Objection to Claim is well taken and will be sustained.

An appropriate Order will follow.