OPINION
This is an accelerated calendar appeal originating from the Chardon Municipal Court. Appellants, Philip and Rhonda Kall, appeal from a judgment in favor of appellees, State Farm Fire 
Casualty Insurance Co. ("State Farm") and Burlington of Geauga Condominium Owners Association ("Burlington"), following a bench trial.
On November 7, 1996, appellees filed a complaint seeking recovery from appellants for damage to a gazebo, a street sign, and a tree. In the complaint, it was alleged that "Phillip Kall negligently, carelessly, and/or recklessly operated an automobile into a separate automobile driven by Rhonda Kall, thereby causing the vehicle operated by Rhonda Kall to strike real property owned by [appellees] Burlington and insured by State Farm[.]"
It was further alleged that the total cost of damage to the property was $1,903.79. Of this total, State Farm paid Burlington $1,653.79 in accordance with a preexisting insurance policy between the parties. State Farm, acting under its right of subrogation, was now seeking reimbursement from appellants for the payment made to Burlington, while Burlington was seeking $250 in damages, which represented the deductible Burlington was required to pay under the terms of the insurance policy.
During the discovery process, appellees served appellants with separate requests for admissions. However, neither Phillip nor Rhonda responded to the requests. Appellees filed a motion for summary judgment with the trial court arguing that because appellants failed to respond to the requests for admissions, they had admitted their liability with respect to the underlying claims. Appellees further maintained that there was no dispute concerning any material fact, and that they were entitled to a judgment as a matter of law. Appellants filed a motion in opposition. After considering the arguments of the respective parties, the trial court denied appellees' motion.
Appellants filed their own motion for summary judgment arguing that the gazebo was personal property and subject to the two-year statute of limitations found in R.C. 2305.10. They maintained that because appellees filed their complaint over two years after the alleged incident, the portion of the claim pertaining to the gazebo was time barred. In response, appellees filed a motion in opposition to summary judgment in which they argued that the gazebo was not personal property, but instead was a fixture and, thus, subject to the four-year statute of limitations found in R.C. 2305.09. The trial court denied appellants' motion, finding that a reasonable person could conclude, by applying the law of fixtures, that the gazebo was real property to which R.C. 2305.09
would apply.
The case proceeded to trial before a magistrate on August 28, 1998. Although appellants were not personally present during the proceedings, they were represented by counsel who argued on their behalf.
At the conclusion of appellees' case, appellants' attorney made a motion for directed verdict, which was denied by the magistrate. Appellants rested without calling any witnesses.
In recommending judgment for appellees, the magistrate found that because appellants had failed to respond to the requests for admissions, and considering the context of the case, they had admitted to causing the damage to Burlington's property. The magistrate further found that the gazebo was a fixture, subject to the four-year statute of limitations.
As for damages, the magistrate concluded that appellees' recovery was not limited to the diminution in value of the realty. Instead, appellees could recover the loss in value of the damaged items rather than just the land itself. The magistrate recommended judgment for appellees in the amount of $1,903.79, plus costs and interest at ten percent per annum from the date of the incident.
Appellants filed with the trial court objections to the magistrate's decision in which they argued the following: (1) appellees had failed to prove that appellants were negligent; (2) any claim with respect to the gazebo was barred by the statute of limitations because appellees failed to prove that it was a fixture; and (3) appellees failed to prove any damages and that the magistrate applied an incorrect measure of damages. On November 10, 1998, the trial court overruled appellants' objections and adopted the magistrate's findings and conclusions in their entirety.
Appellants perfected a timely appeal, and assert eight assignments of error:
 "[1.] The Trial Court erred by finding that Plaintiffs' claim regarding the gazebo was not barred by the statute of limitations.
 "[2.] The Trial Court erred in not granting the Defendants' Motion for Summary Judgment with respect to the statute of limitations issue.
 "[3.] The Trial Court erred in not directing a verdict for Defendants on the basis that Plaintiffs' claim regarding the gazebo was time-barred.
 "[4.] There was no competent evidence that either defendant was negligent or that their negligence directly and proximately caused damaged [sic] to Burlington's property.
 "[5.] Even if the Kalls, in fact, damaged the signpost or the gazebo, Plaintiffs failed to prove any damages.
 "[6.] In any event, the Trial Court improperly awarded prejudgment interest.
 "[7.] The judgment was against the manifest weight of the evidence.
 "[8.] The trial court erred by allowing Renee Waina to testify."
The first three assignments of error are interrelated and will be disposed of in a consolidated fashion. Appellants argue that appellees' cause of action with respect to the gazebo was time barred because the gazebo constituted personal property. Appellants, however, do not dispute that the street sign and the tree were real property and subject to the four-year statute of limitations.
As a result, we will limit our analysis to the gazebo. Appellants note the fact that in their complaint, appellees alleged that the damage occurred on August 4, 1993. However, the record shows that appellees delayed pursuing their cause of action until November 7, 1996. As a result, if appellants are correct in arguing that the gazebo was personal property, the two-year statute of limitations would have been exceeded by fourteen months, accordingly, barring any claim for recovery of damage to the gazebo.
Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc.
(1993), 67 Ohio St.3d 266, 268.
"A fixture is an item of property which was a chattel but which has been so affixed to realty for a combined functional use that it has become a part and parcel of it." Holland Furnace Co.v. Trumbull Savings Loan Co. (1939), 135 Ohio St. 48, paragraph one of the syllabus. The distinction between a chattel and a fixture is important not only for purposes of applying the correct statute of limitations, but also for determining the appropriate measure of damages.
In Teaff v. Hewitt (1853), 1 Ohio St. 511, syllabus, the Supreme Court of Ohio formulated the following test for determining whether a particular item has become a fixture:
 "The true criterion of a fixture is the united application of the following requisites, to wit: 1st. Actual annexation to the realty, or something appurtenant thereto. 2d. Application to the use, or purpose, to which that part of the realty with which it is connected, is appropriated. 3d. The intention of the party making the annexation, to make a permanent accession to the freehold."
While Teaff set out the three legal requirements which must be met before a piece of chattel becomes a fixture, this general rule has been reviewed and refined by the Supreme Court of Ohio over the years. For example, a more recent decision by the court has delineated several factors which a court should use when making the above determination. Those factors include:
 "[T]he nature of the property; the manner in which it is annexed to the realty; the purpose for which the annexation is made; the intention of the annexing party to make the property a part of the realty; the degree of difficulty and extent of any loss involved in removing the property from the realty; and the damage to the severed property which such removal would cause." Masheter v. Boehm (1974), 37 Ohio St.2d 68, paragraph two of the syllabus.
The Masheter court expressed an unmistakable desire to create a "proper rule of law, which provides that degree of flexibility and accommodation to circumstances necessary to ensure that * * * [the parties] will be dealt with fairly, with neither enjoying a windfall gain nor suffering unfair deprivation." Id. at 76-77. Accordingly, whether a particular item is real or personal property is a mixed question of law and fact. G L Investments v. Designer's Workshop,Inc. (June 26, 1998), Lake App. No. 97-L-072, unreported, at 3, 1998 WL 553213. As such, this court will defer to the trial court on issues regarding facts; but issues relating to legal conclusions will be reviewed de novo. Id.
The first requirement under Teaff is physical attachment to the realty or something appurtenant to it. Teaff at 527; Zangerle v.Republic Steel Corp. (1945), 144 Ohio St. 529, paragraph six of the syllabus ("Annexation, or the mode or extent of annexation, does not of itself create a fixture; but the want of annexation may prevent such creation."). As the law of fixtures has evolved, however, the requirement of physical annexation has been reduced in importance; so much so, that slight or constructive attachment is sufficient when the other two elements are established.Holland Furnace at 52-53; Masheter at 73; G L Investments at 4.
The fact that the gazebo was not physically attached to the concrete pad does not rule out the possibility of constructive attachment. Clearly, a gazebo is not something which is moved from place to place on a regular basis. They are usually large structures constructed out of wood or some other sturdy material. As a result, physical attachment is not always necessary, and gravity will generally be sufficient to keep a gazebo in place. Based on these characteristics, we conclude that placing a gazebo on a concrete pad is enough to demonstrate attachment for purposes of Teaff.
In accordance with the second requirement, we must next decide whether the gazebo in question was primarily devoted to the use or purpose of the land. Testimony revealed that the gazebo had been located in a common area at the entrance of the condominium complex for several years. It was there for the use and enjoyment by all of the owners and families living in Burlington. Moreover, one could assume that anyone viewing the gazebo would see it as a permanent attribute of the realty, while at the same time, no one could convincingly argue that he or she was entitled to remove it for personal use. Accordingly, we conclude that the gazebo was appropriated to the use or purpose of the realty. Thus, the second requirement under Teaff was met.
The most important factor in determining whether personal property has become a fixture is the intention of the party responsible for annexing the item. The intention to make a chattel a fixture does not concern the intent to annex the chattel to the land. Instead, it involves the intent to "devote the chattel to the use and service of the land or structure already a part of the land, in such manner to enhance the serviceability of the whole as a permanent unit of property to whatever use it may be devoted." Zangerle v. Standard Oil Co. of Ohio (1945),144 Ohio St. 506, 519. The intent to make a chattel a fixture must "affirmatively and plainly appear" as a result of a positive action by the annexer. Republic Steel at paragraph five of the syllabus;Masheter at 75. While the intent must appear plainly from the facts, it need not be the real intention of the affixing party. G LInvestments at 5, citing Holland Furnace at 53. "His apparent or legal intention to make it a fixture is sufficient." Holland Furnace
at 53-54. Stated differently, although doubt, if any, must be resolved in favor of finding the item a chattel, the trial court may look to the "attending circumstances" surrounding the attachment and infer from those circumstances the intent of the affixing party.Teaff at 533-534. "Attending circumstances" include, but are not limited to, the chattel's "nature, mode of attachment, purpose for which used and the relation of the party making the annexation." Id. at 533.
The trial court in the instant matter found that the gazebo was a fixture because it believed that Burlington obviously meant the gazebo to be a permanent decoration. This finding is supported by ample evidence in the record. The gazebo had been in place at the front of the development for several years. In addition, Neilson testified that anyone who was a member of the association had access to it. In fact, several of the children living in Burlington used the gazebo as a place to socialize. As a result, the final element of the Teaff test has been met.
Accordingly, appellees filed their claim well within the four-year statute of limitations. Appellants' first, second and third assignments of error have no merit.
In assignment of error four, appellants contend that there was no evidence introduced at trial proving that either Phillip or Rhonda were negligent, or that their alleged negligence directly and proximately caused damage to Burlington's property. In their fifth assignment of error, appellants argue that, even if they were liable as a result of their actions, appellees failed to prove any damages. In their seventh assignment of error, appellants maintain that the judgment of the trial court was against the manifest weight of the evidence because there was no evidence introduced at trial to prove that appellants breached any duty to appellees or that their alleged actions proximately caused the complained of damage, and appellees failed to prove any damages. Because all of the above assignments concern the issue of appellants' alleged negligence, we will review them in a consolidated fashion.
It is well established that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; Tomcany v.Kirkpatrick (Apr. 9, 1999), Lake App. No. 98-L-018, unreported, at 4, 1999 Ohio App. LEXIS 1606. Accordingly, we must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact. Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223,226; Svette v. Svette (Aug. 27, 1999), Geauga App. No. 98-G-2168, unreported, at 9, 1999 Ohio App. LEXIS 3981. In the event the evidence is susceptible to more than one interpretation, this court must construe it consistently with the lower court's judgment. Gerijo
at 226; Svette at 9-10.
In order to establish an actionable claim for negligence, appellees were required to demonstrate: (1) that appellants owed a duty to appellees; (2) the breach of that duty; (3) that appellants' breach of duty directly and proximately caused appellees' damage; and (4) damages. Chambers v. St. Mary's School
(June 27, 1997), Geauga App. No. 96-G-2013, unreported, at 9-10, 1997 Ohio App. LEXIS 2823.
The magistrate based his finding that appellants were negligent solely on their failure to respond to the requests for admissions. Civ.R. 36(A) states that:
 "The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."
The above rule is unequivocal: "[T]he opposing party must timely respond * * *. Failure to respond at all to the requests will result in the requests becoming admissions." Cleveland TrustCo. v. Willis (1985), 20 Ohio St.3d 66, 67. See, also, Campbellv. DeWitt (Oct. 19, 1990), Trumbull App. No. 88-T-4121, unreported, at 5, 1990 Ohio App. LEXIS 4502. Most important to this case is that "[a] request for admission can be used to establish a fact, even if it goes to the heart of the case." Cleveland Trust at 67.
Because we have multiple appellants, we will address each party in turn. First, Phillip was served with the following three requests for admission:
 "1. Admit that on August 4, 1993, I was operating a vehicle into a separate automobile driven by my wife, Rhonda Kall, causing damage to real property located at Burlington Oval, 302 West Burlington, in Chardon, Ohio.
 "2. Admit that the actions of defendant Phillip Kall were the sole and proximate cause of the damage to the property located at Burlington Oval, 302 West Burlington, in Chardon, Ohio.
 "3. Admit that on August 4, 1993, defendant Phillip Kall consumed alcohol within two hours prior to the incident described in the complaint."
Despite appellants' arguments, there can be no question that by failing to respond to the above inquiries, Phillip admitted to negligently causing damage to Burlington's property. At a minimum, Phillip owed appellees a duty to refrain from recklessly operating a motor vehicle on Burlington property. His failure to do so violated that duty. Granted, there is no unequivocal admission that Phillip acted negligently. However, outside of participation in a demolition derby, it can hardly be argued that driving a car into another moving vehicle is reasonable and prudent conduct.
As for the issue of proximate cause, the second request explicitly states that "the actions of defendant Phillip Kall were the sole and proximate cause of the damage to the property * * *." This admission by Phillip leaves little room for argument that his actions did not cause the complained of damage. As a result, based on our above analysis, we conclude that the magistrate correctly found that Phillip's conduct was both negligent, and that it was the proximate cause of the damage to Burlington's property.
With respect to Rhonda, she was served with the following three questions:
 "1. Admit that on or about August 4, 1993, my husband operated a vehicle into a vehicle being operated by myself, causing property damage to the real property located at Burlington Oval, 302 West Burlington, in Chardon, Ohio.
 "2. Admit that the actions of my husband, Phillip Kall were the sole and proximate cause of the damage to the property located at Burlington Oval, 302 West Burlington, in Chardon, Ohio.
 "3. Admit that on August 4, 1993, defendant Rhonda Kall consumed alcohol, within two hours prior to the incident described in the complaint."
Unlike the requests served on Phillip, none of the above questions ask Rhonda to admit anything about her actions during the alleged incident. In fact, by admitting to the veracity of the questions, Rhonda is excusing herself and implicating her husband. The only affirmative conduct to which Rhonda admits is that she was drinking on the night in question. This admission, standing alone, clearly does not rise to level of negligence, the conclusion reached by the trial court. Furthermore, there was no evidence introduced at trial with respect to the incident itself. Neither appellant was called to testify. As a result, the trial court only had Rhonda's admissions with which to make a decision.
Therefore, we hold that while there was competent, credible evidence, in the form of admissions, for the trial court to find that Phillip negligently and/or recklessly operated his motor vehicle and that he was the proximate cause of the damage to Burlington's property, the trial court erred in finding that Rhonda acted negligently. Although she also failed to respond to the requests for admissions, none of the particular requests asked her to admit to negligent conduct. In fact, the only relevant issue she admitted to was that Phillip was the person who pushed her into the damaged property. Accordingly, assignments of error four and seven lack merit as to appellant Phillip, but do have merit with respect to appellant Rhonda.
Appellants' fifth assignment of error argues that appellees failed to prove any damages; that the trial court applied the wrong measure of damages; and that the measure of damage to both real and personal property is not the cost of replacing the property, but instead is the difference in value of the property before and after the liability inducing event. Akro-Plastics v.Drake Industries (1996), 115 Ohio App.3d 221, 226.
In response, appellees argue that the general rule that the measure of damages for injury to real properly shall not exceed the difference in market value before and after the injury is not an arbitrary or exact formula to be applied in every case without regard to whether its application would compensate fully for losses which are the proximate result of a wrongdoer's conduct.Thatcher v. Lane Const. Co. (1970), 21 Ohio App.2d 41.
Appellees presented evidence at trial showing that inquiries into both repair and replacement of the gazebo were made, from which Burlington concluded that replacement was more "economically feasible" than repair. Where replacement of the damaged item is more cost effective than repairing the same, we hold that an award of damages commensurate with the cost of replacement is appropriate and should not be modified by this court on appeal. Appellants' fifth assignment of error lacks merit.
In assignment of error six, appellants argue that the trial court improperly awarded appellees prejudgment interest. However, the record shows that, while appellants objected to the magistrate's damage award with respect to the measure of damages, they failed to object to the particular ruling concerning prejudgment interest.
Civ.R. 53(E)(3)(B) governs objections to findings made by a magistrate and states, "[o]bjections shall be specific and state with particularity the grounds of objection. * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Thus, pursuant to Civ.R. 53(E)(3)(b), this court is precluded from addressing appellants' sixth assignment of error. Accordingly, it is without merit.Svette at 12; Jones v. Simondis (Mar. 27, 1998), Trumbull App. No. 97-T-0073, unreported, at 8, 1998 Ohio App. LEXIS 1210.
In their eighth and final assignment of error, appellants maintain that, over their repeated objections, the trial court permitted one of the witnesses, Renee Waina ("Waina"), to offer hearsay testimony. According to appellants, Waina admitted that she had no personal knowledge of any fact at issue, and that her entire testimony was based solely on her reading of the claim file. As a result, appellants argue that the trial court should have struck her testimony as inadmissible hearsay per Evid.R. 801 and 802. We disagree.
As this court has noted on numerous occasions, a trial court is vested with broad latitude when determining the admissibility of evidence in any given case. The admission or exclusion of evidence rests within the sound discretion of the trial court. Rigby v. LakeCty. (1991), 58 Ohio St.3d 269, 271. An appellate court which reviews such a ruling must limit its analysis to whether the lower court abused its discretion. Id. at 271. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Id.;Blakemeore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Upon review, we conclude that the trial court did not abuse its discretion in allowing Waina to testify. The trial court predicated its decision by finding that the claim file in question was a business record, and, thus, subject to a hearsay exception. To qualify as a business record under Evid.R. 803(6), the following requirements must be met:
 "`(i) the record was prepared by an employee of the business who had a duty to report the information; (ii) the person providing the information contained in the record had personal knowledge of the event or transaction reported; (iii) the record was prepared at or near the time of the event or transaction; and (iv) it was a regular practice or custom of the business in question to prepare and retain the type of record.'" McGraw v. Englehart (Dec. 22, 1995), Lake App. No. 94-L-105, unreported, at 4, 1995 WL 869962, quoting Cline v. American Aggregates Corp. (1989), 64 Ohio App.3d 503, 511-512.
Here, Waina provided the foundational evidence demonstrating the above requirements. Furthermore, under the business records exception, the qualifying witness need not possess first-hand knowledge of the event or transaction. Nycoll Credit Union, Inc.v. Jurick (May 10, 1991), Lake App. No. 90-L-14-056, unreported, at 3, 1991 WL 77245. Instead:
 "* * * it must be demonstrated that the witness is sufficiently familiar with the operation of the business and the circumstances of the record's preparation, maintenance and retrieval, and that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." Id., quoting State v. Vrona
(1988), 47 Ohio App.3d 145, 148.
Waina candidly testified that she was not the person who prepared the claim file at issue. However, her testimony with respect to her experience as a State Farm claims adjuster revealed that she was sufficiently familiar with the operations of the insurance company. As such, Waina was clearly competent to provide the foundation for the admission of the file as a business record.
With respect to Waina's testimony about the contents of the file, we reach a similar conclusion. At most, Waina's testimony was redundant, in that once the record was admitted as evidence, the trial court was permitted to look at the file and use it in its final determination. As a result, we can not say that the trial court abused its discretion in allowing the claim file into evidence, or in allowing Waina to testify to its contents. Accordingly, appellants' eighth assignment of error is meritless.
Based on the foregoing analysis, assignments of error one, two, three, five, six, and eight are not well-taken. As to assignments of error four and seven, they are overruled as to appellant Phillip Kall and sustained as to appellant Rhonda Kall. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion.
 ________________________________________________________ JUDGE JOSEPH DONOFRIO, Ret., Seventh Appellate District, sitting by assignment.
NADER, P.J., O'NEILL, J., concur.