Appellant, Ohio Edison Company, appeals from the decision of the Wayne County Court of Common Pleas granting summary judgment in favor of Appellees, Super Foods Services, James A. Snyder, Berg's IGA-Dalton Foods and Northstar Asphalt, Inc. We reverse.
 I.
On April 28, 1999, Ohio Edison Company ("Ohio Edison") filed a complaint against Super Foods Services ("Super Foods") and its employee James A. Snyder ("Snyder"), Berg's IGA-Dalton Foods ("IGA") and Northstar Asphalt, Inc. ("Northstar") for damages caused by Snyder's negligence. Ohio Edison alleged Snyder negligently drove a Super Foods truck in the parking lot of the IGA, located at 208 South Mill Street, Dalton, Ohio.
While turning into the parking lot, the top of Snyder's truck caught an overhead telephone line that was strung between two utility poles. The movement of Snyder's truck, while still connected to the telephone wire, pulled the utility poles causing them to break. The fall damaged not only the two utility poles but also equipment that was attached to the poles. Ohio Edison owned the utility poles and electrical equipment that was attached to the poles. Ohio Edison described the equipment as "electric distribution equipment" valued at $14,213.13.
On May 27, 1999, Super Foods and Snyder answered the complaint and filed a cross claim against IGA and Northstar. They alleged that IGA hired Northstar to grade the parking lot and that Northstar negligently raised the surface of the lot reducing the distance between the surface of the pavement and the telephone wire. Super Foods and Snyder asserted that Northstar's negligent re-grading caused or contributed to Snyder's parking lot incident.
On June 21, 1999, Northstar cross-claimed against Super Foods and Snyder. Northstar asserted that in the event they were found liable their liability would be joint and several with Super Foods and Snyder.
Super Foods and Snyder moved for summary judgment on August 4, 1999. Super Foods and Snyder argued that Ohio Edison's damage was to personal property and therefore Ohio Edison's complaint was barred by the statute of limitations pursuant to R.C. 2305.10. R.C. 2305.10 states an action for "injuring personal property shall be brought within two years after the cause of action accrues." R.C. 2305.10(A). Ohio Edison filed its complaint on April 28, 1999, three years after Snyder struck the wires on May 28, 1996. IGA and Northstar also moved for summary judgment incorporating Super Foods and Snyder's statute of limitations argument.
Ohio Edison responded to the motions for summary judgment on August 16, 1999. Ohio Edison asserted that the utility poles and attached equipment were fixtures not personal property. As fixtures Ohio Edison's complaint was timely filed within the four year statute of limitations for fixtures pursuant to R.C. 2305.09. On August 27, 1999, the trial court found the property was personal property and ordered summary judgment for Super Foods, Snyder, IGA and Northstar.[1]
Ohio Edison timely filed an appeal with this court.
 II.
Ohio Edison raises four assignments of error.
Assignment of Error No. 1:
 THE JUDGMENT OF THE COURT GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS CONTRARY TO LAW AND CLEARLY AND MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE.
Assignment of Error No. 2:
 THE COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE DEFENDANTS, THE SAME BEING AN ABUSE OF DISCRETION.
Assignment of Error No. 3:
 THE COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS ON THE ISSUE OF THE APPROPRIATE STATUTE OF LIMITATION[S].
Assignment of Error No. 4:
 THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, WHERE THE MOTION IS BASED ON AN AFFIRMATIVE DEFENSE THAT WAS WAIVED BY SAID DEFENDANT.
Ohio Edison's four assignments of error are interrelated and will be disposed of in a consolidated fashion. Ohio Edison argues that their cause of action with respect to the damaged equipment was not time barred because the equipment was a fixture not personal property. Therefore, it was error for the trial court to grant summary judgment for the appellees. We agree.
As a result, we will limit our analysis to the damaged property. In Ohio Edison's complaint, it is alleged that the damage occurred on, May 28, 1996. However, the record shows that Ohio Edison delayed pursuing their cause of action until April 28, 1999. As a result, appellees argue that since the poles and equipment were personal property, the Ohio Edison filing exceeded the two-year statute of limitations by thirteen months, and was, therefore, barred.
"A fixture is an item of property which was a chattel but which has been so affixed to realty for a combined functional use that it has become a part and parcel of it." Holland Furnace Co. v. Trumbull Sav. Loan Co. (1939), 135 Ohio St. 48, paragraph one of the syllabus. The distinction between a chattel and a fixture is important not only for purposes of applying the correct statute of limitations, but also for determining the appropriate measure of damages.
In Teaff v. Hewitt (1853), 1 Ohio St. 511, syllabus, the Supreme Court of Ohio formulated the following test for determining whether a particular item has become a fixture:
 [t]he true criterion of a fixture, is the united application of the following requisites, to wit: 1st. Actual annexation to the realty, or something appurtenant thereto. 2d. Application to the use, or purpose, to which that part of the realty with which it is connected, is appropriated. 3d. The intention of the party making the annexation, to make a permanent accession to the freehold.
While Teaff set out the three legal requirements which must be met before a piece of chattel becomes a fixture, this general rule has been reviewed and refined by the Supreme Court of Ohio over the years. For example, a more recent decision by the court has delineated several factors which a court should use when making the above determination. Those factors include:
 the nature of the property; the manner in which it is annexed to the realty; the purpose for which the annexation is made; the intention of the annexing party to make the property a part of the realty; the degree of difficulty and extent of any loss involved in removing the property from the realty; and the damage to the severed property which such removal would cause.
Masheter v. Boehm (1974), 37 Ohio St.2d 68, paragraph two of the syllabus.
The Masheter court expressed an unmistakable desire to create a "proper rule of law, which provides that degree of flexibility and accommodation to circumstances necessary to ensure that * * * [the parties] will be dealt with fairly, with neither enjoying a windfall gain nor suffering unfair deprivation." Id. at 76-77. Accordingly, whether a particular item is real or personal property is a mixed question of law and fact. Fortmanv. Goepper (1863), 14 Ohio St. 558, 562; Roseville Pottery, Inc. v. Cty.Bd. of Revision (1948), 149 Ohio St. 89, 98 (stating "the application of the principles of law with reference to fixtures or improvements upon real estate is difficult and depends upon the particular circumstances of each case").
Under Dresher "the moving party bears the initial burden ofdemonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. In the case sub judice, appellees failed to point to evidentiary materials sufficient to demonstrate there was no genuine issue of material fact. Id. at 292-293. While it is true that the moving party is not required to place evidentiary materials on the record, "the evidence must be in the record or the motion cannot succeed." Id. at 293. Appellees' motions for summary judgment referenced Ohio Edison's original complaint and the attached Exhibit A.
It is not clear from these two documents exactly what property was damaged. Ohio Edison's complaint described the damaged property as "electric distribution equipment." Exhibit A is an invoice Ohio Edison sent to Super Foods describing the damaged property as "electrical distribution line and pole[.]" The record does not contain a description of precisely what electronic equipment was damaged or how the equipment was attached to the utility pole. Appellees' reference to these two documents was simply not sufficient to meet their Dresher burden.
Accordingly, we find it was error for the trial court to grant summary judgment. Ohio Edison's four assignments of error are sustained because the appellees failed to meet their burden under Dresher. Judgment of the trial court is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., CARR, J., CONCUR.
[1] The trial court issued a final appealable order on October 3, 2000.