OPINION
General Electric Company ("GE"), appeals the decision of the Lake County Court of Common Pleas wherein summary judgment was granted in favor of American Mechanical Contractors ("AMC").
The GE quartz manufacturing facility, located in Willoughby, Ohio, utilizes a system of highly specialized furnaces to produce quartz tubing and rods, which are used in the semiconductor and lamp industries. These specialized furnaces, known as "214" or "B" furnaces, are comprised of several separate, but integrated components. GE's Willoughby facility was constructed in 1957 and was retrofitted to accommodate these furnaces in about 1972.
At the Willoughby facility, quartz tubing is manufactured in the following manner: silica sand is vacuumed from a fifty-five gallon fiber drum into a hopper at the top of the specialized furnaces; from the hopper, the silica is fed down into a tungsten susceptor, which has a specialized coil around it; through a heating process, the silica sand melts and is converted into quartz; and, the final quartz product is drawn out of the bottom of the furnaces. Additionally, hoses are connected to the furnaces to bring in water, gases, and electricity.
During an expansion of its Willoughby facility, GE entered into a contract[1] with AMC, whereby AMC would install an oxygen pipeline. On October 26, 1992, AMC negligently failed to close certain oxygen valves, which allowed oxygen to mix with hydrogen in ten of the specialized furnaces. As a result of this oxidation process, ten of GE's specialized furnaces were damaged.
On November 23, 1998, GE sued AMC, alleging breach of contract and negligence. Subsequently, AMC moved for summary judgment, arguing that GE's claims were barred by the two-year statute of limitations set forth in R.C. 2305.10. GE supported its brief in opposition to summary judgment with excerpts from the deposition of Carl Hanson, manager of manufacturing engineering at the Willoughby facility, and an affidavit by Mark Castelletti, "manager of shop operations for the 214 Furnace Area" at the Willoughby facility.
In his affidavit, Castelletti stated that: the furnaces are complete furnace draw lines integrated to produce quartz via a "classic down draw process"; the furnace system is housed within a building that was specifically retrofitted to accommodate them; each furnace is powered by a dedicated supply spanning 144 to 600 square feet of space behind the walls and floors; the removal of one furnace would take at least three weeks; without the furnaces, the Willoughby facility would be unable to function as it does now, and its economic utility would be hampered or destroyed; at the time of the explosion, with the exception of the furnaces added during the expansion, the system had been in place for twenty years; and, "it was and is the intention of General Electric that the system will be in service until it is obsolete or the plant ceases operation."
Appellee supported its motion for summary judgment with the depositions of Carl Hanson and Brian Sague, the manufacturing finance manager at the Willoughby facility. Sague stated that: the furnaces were listed as equipment on the Willoughby facility's consolidated balance sheet; the components of the furnaces were listed as equipment for depreciation purposes; each furnace was treated as a separate piece of equipment for the purpose of compiling damages; and, the damage to the furnaces was termed equipment damage on the fire loss summary that GE submitted to the insurance company for payment.
The trial court granted summary judgment in favor of appellee. From this judgment appellant assigns the following assignments of error:
 "[1.] Neither a fixture analysis nor an application of tax definitions is proper in determining whether property is realty or personalty for the purpose of applying the appropriate statute of limitations.
 "[2.] In the present case, an application of the Brennaman test reveals that the furnaces at issue are not personal property, but are instead an improvement to real property subject to the four-year statute of limitations set forth in R.C. 2305.09(D)."
 Appellant's assignments are interrelated and will be discussed together. Appellant contends that the specialized furnaces are real property, thus, the trial court erred in applying the two-year statute of limitations set forth in R.C. 2305.10. In its brief in opposition to summary judgment, as well as on appeal, appellant relies on Brennaman v. R.M.I. Co. (1994), 70 Ohio St.3d 460. Relying on Brennaman, appellant argues that neither the definition contained in the law of fixtures or tax law is applicable. Appellee argues that the furnaces are personal property, as defined in R.C. 5701.01 and 5701.03, and subject to the two-year statute of limitations contained in R.C. 2305.10.
The question before this court is whether appellant's specialized furnaces are personal property, subject to the two-year statute of limitations prescribed by R.C. 2305.10, improvements to land, or fixtures, subject to the four-year statute of limitations prescribed by R.C. 2305.09. Thus, the resolution of this case depends on whether the specialized furnaces are characterized as improvements to the land, fixtures, or merely personal property.
Appellant's reliance on Brennaman, supra, is misplaced. In Brennaman,
the Supreme Court of Ohio analyzed whether an item is an improvement to real property, as used in R.C. 2305.131. While R.C. 2305.131, which was repealed effective January 27, 1997 and February 6, 2001, contained a provision dealing with improvements to real property, R.C. 2305.09 does not define or contain such language. Thus, the court's analysis underBrennaman as to whether an item is an improvement to real property is not applicable in this case.
However, the Supreme Court's guidance in statutory construction is relevant. The rule that "once words have acquired a settled meaning, that same meaning will be applied to a subsequent statute on a similar subject," is not appropriate where the threshold requirement of similarity in purpose and subject is not met. Brennaman, supra, at 464. Therefore, the definitions contained in R.C. Chapter 5701, which deal with property taxation, are not applicable to the determination of a statute of limitations. Hence, this case turns on whether the specialized furnaces here are fixtures, and thus real property, or are merely personal property. "A fixture is an item of property which was a chattel but which has been so affixed to realty for a combined functional use that it has become a part and parcel of it." Holland Furnace Co. v.Trumbull Savings Loan Co. (1939), 135 Ohio St. 48, paragraph one of the syllabus. This court has followed the Teaf v. Hewitt (1850),1 Ohio St. 511, syllabus, test for determining whether an item has become a fixture. See, e.g., State Farm Fire Casualty Ins. Co. v. Kall (Mar. 31, 2000), Geauga App. No. 98-G-2203, unreported, 2000 Ohio App. LEXIS 1402, at *7-8.
 "The true criterion of a fixture is the united application of the following requisites, to wit: 1st. Actual annexation to the realty, or something appurtenant thereto. 2d. Application to the use, or purpose, to which that part of the realty with which it is connected, is appropriated. 3d. The intention of the party making the annexation, to make a permanent accession to the freehold." Teaf, supra.
"The most important factor in determining whether personal property is a fixture is the intention of the party responsible for annexing the item." Kall, supra, at *11. Any doubt must be resolved in favor of finding the item personal property, but the court may infer the intention of the affixing party from the chattel's "nature, mode of attachment, purpose for which used and the relation of the party making the annexation. Kall, supra, at *12, citing Teaff, 1 Ohio St. 511, 533. Where an item that has been permanently affixed to the land primarily benefits the business and not the realty, it is considered personal property. SeeTeaf, supra, Zangerle v. Standard Oil Co. of Ohio (1945), 144 Ohio St. 506. "Thus, if the article is particular to the business conducted on the realty rather than general to the realty itself, it retains its character as personal property." G L Investments v. Designer's Workshop, Inc. (June 26, 1998), Lake App. No. 97-L-072, unreported, 1998 Ohio App. LEXIS 2940, at *12.
In the instant case, the court found that the specialized furnaces were personal property subject to the two-year statute of limitations set forth in R.C. 2305.10. Upon review, we conclude that appellant has failed to demonstrate a genuine issue as to any material fact. Castelletti's affidavit attempted to create a material issue of fact when it stated that "it was and is the intention of General Electric that the system will be in service until it is obsolete or the plant ceases operation;" however, the record supports the trial court's finding. Under Brennaman, the affidavit might present a genuine issue as to whether the furnaces constituted an improvement to land, but under the applicable law, it is insufficient. The same statement could be made about any piece of equipment. Further, Castelletti's affidavit does not indicate that GE intended for the furnaces to remain permanently affixed to the real property. In fact, his statement merely provides that GE intended to use the furnaces unless and until a more efficient process of manufacturing quartz is developed or until the Willoughby plant ceases to operate.
The testimony of appellant's employees and witnesses demonstrates that the furnaces are personal property; i.e. the furnaces primarily benefit the business and not the realty. Appellant has failed to present any evidence that its intention in making the annexation was to make a permanent accession to the freehold. Any doubt as to the annexing party's intention, must be resolved in favor of finding the furnaces personal property. Kall, supra, at *12. The evidence reveals that the furnaces can be moved to another facility, albeit with some difficulty. Brian Sague testified that appellant uses identical and very similar furnaces at its facilities in Newark and Germany. Carl Hanson testified that he was under the assumption that a disassembled furnace could be reassembled at another facility. Further, evidence, from which the affixing party's intent may be inferred, was presented by Brian Sague that revealed that the furnaces were: specialized for appellant's business; depreciated as personal property; and, listed as equipment on business documents. The elements of the Teaf test have been met.
Accordingly, reviewing the record in a light most favorable to appellant, reasonable minds can come to but one conclusion and that is adverse to appellant. As a matter of law, the furnaces are personal property. The Lake County Court of Common Pleas correctly granted appellee's motion for summary judgment. For the foregoing reasons, the judgment of the trial court is hereby affirmed.
O'NEILL, P.J., dissents with dissenting opinion, CHRISTLEY, J., concurs.
[1] The contract executed by GE and AMC is not part of the record.