This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Canton Financial, appeals from the judgment of the Wayne County Municipal Court. This Court reverses.
On January 18, 2001, Appellant filed a complaint against Appellee, Allan S. Pritt, asserting that Appellee wrongfully retained collateral, namely, a water softener and a drinking system. Thereafter, Appellant moved for summary judgment, which the trial court denied. On June 29, 2001, the magistrate determined that the water softener and the drinking system were fixtures and, therefore, entered a proposed decision in favor of Appellee. Appellant objected to the magistrate's proposed decision. Subsequently, on August 21, 2001, the trial court adopted the magistrate's proposed decision. Appellant timely appeals raising one assignment of error for review.
Before addressing the merits of the appeal, this Court notes that Appellee did not file an appellate brief. Therefore, this Court assumes that the facts as stated in Appellant's appellate brief are true, and this Court's judgment is based on the facts as stated. See App.R. 18(C).
 ASSIGNMENT OF ERROR "The Wayne County Municipal Court erred in finding that the subject collateral was a permanent fixture and not subject to removal by Appellant."
In its sole assignment of error, Appellant avers that the water softener and drinking system can easily be removed; therefore, the municipal court erred in finding that the water softener and the drinking system were fixtures and not subject to removal. This Court agrees.
"A fixture is an item of property which was a chattel but which has been so affixed to realty for a combined functional use that it has become a part and parcel of it." Holland Furnace Co. v. Trumbull Savings Loan Co. (1939), 135 Ohio St. 48, paragraph one of the syllabus. Accordingly, whether an item is a chattel or a fixture is a mixed question of law and fact. Kim v. Pyrofax Gas Corp. (Feb. 3, 1988), 9th Dist. No. 1619. An appellate court will give deference to a trial court's determination on issues regarding facts; however, issues concerning legal conclusions will be reviewed de novo. G L Investments v. Designer'sWorkshop, Inc. (June 26, 1998), 11th Dist. No. 97-L-072.
The Ohio Supreme Court outlined a tripartite test for determining whether an item has become a fixture:
 "(1) Actual annexation to the realty, or something appurtenant thereto.
 "(2) Appropriation to the use or purpose of that part of the realty with which it is connected.
 "(3) The intention of the party making the annexation, to make the article a permanent accession to the freehold." Teaff v. Hewitt (1853), 1 Ohio St. 511, 530.
Despite the three legal requirements outlined in Teaff, this general rule has been examined and refined by the Ohio Supreme Court over the years. For example, in Mansheter v. Boehm (1974), 37 Ohio St.2d 68, the Court delineated several factors a court may use when determining whether an item has become a fixture. Specifically, the factors include:
 "[t]he nature of the property; the manner in which it is annexed to the realty; the purpose for which the annexation is made; the intention of the annexing party to make the property a part of the realty; the degree of difficulty and extent of any loss involved in removing the property from the realty; and the damage to the severed property which such removal would cause." Id. at paragraph two of the syllabus.
Turning to the present case, the first requirement of Teaff is physical attachment to the realty or something appurtenant to it. Teaff,1 Ohio St. at 530. Moreover, slight or constructive attachment is sufficient when the other two elements are established. Holland Furnace,135 Ohio St. at 52-53; Mansheter, 37 Ohio St.2d at 73. Although it may be argued that constructive attachment is sufficient to satisfy the physical attachment requirement, the water softener and the drinking system were not constructively attached to the realty. See Holland Furnace,135 Ohio St. at 52-53; Mansheter, 37 Ohio St.2d at 73.
Upon a review of the transcript, it is apparent that the water softener and the drinking system could be readily unattached and moved. At the hearing, Tom Cooksey ("Cooksey") testified that the water softener and the drinking system are generally rented; therefore, they are constructed to be quickly disconnected without damage to the structure. He further stated that a large number of the individuals who purchase the water softener and the drinking system want to take the water softener and the drinking system with them upon relocation. As a result, he stated that the water softener and the drinking system must be able to be quickly disconnected and moved to the new location. Due to the impermanent nature of the water softener and the drinking system, they are not physically attached to the realty.
Next, Teaff requires that the water softener and drinking system be primarily devoted to the use, or purpose, of the realty. Teaff,1 Ohio St. at 530. The mere fact that the water quality would be improved, as a result of the water softener and the drinking system, does not necessarily mean that water would not be available absent such a system. Furthermore, a clear test does not exist for determining whether water is usable. Accordingly, the water softener and drinking system were not devoted to the use, or purpose, of the realty. The second prong of theTeaff test is not satisfied.
Finally, it must be determined whether Appellee intended to make the water softener and drinking system a permanent accession to the freehold. Teaff, 1 Ohio St. 530. As seen through the testimony of Cooksey, the water softener and the drinking system are easy to disconnect and move. Thus, the water softener and the drinking system do not become a permanent part of the realty and meet this requirement.
Due to the portable nature of the water softener and the drinking system, the lack of damage when removed, and the absence of a clear meeting of the minds as to whether the water softener and the drinking system were to be fixtures, leads to the conclusion that the water softener and the drinking system are not fixtures and, therefore, are subject to removal. Accordingly, Appellant's sole assignment or error is sustained.
Appellant's sole assignment of error is sustained. The judgment of the Wayne County Municipal Court is reversed.
SLABY, P.J. WHITMORE, J. CONCURS.