I respectfully dissent as I disagree with the majority's holding that the water softener and the drinking system are not fixtures and, therefore, subject to removal.
As the majority has correctly noted in its opinion, a tripartite test exists to determine whether an item has become a fixture. See Teaff v.Hewitt (1853), 1 Ohio St. 511, 530. The three prongs of this test include:
 "(1) Actual annexation to the realty, or something appurtenant thereto.
 "(2) Appropriation to the use or purpose of that part of the realty with which it is connected.
 "(3) The intention of the party making the annexation, to make the article a permanent accession to the freehold." Id.
In regard to the first prong, the requirement of physical attachment has been reduced in importance, and slight or constructive attachment is sufficient. Holland Furnace Co. v. Trumbull Savings Loan Co. (1939),135 Ohio St. 48, 52-53; Mansheter v Boehm (1974), 37 Ohio St.2d 68, 73. "Whether the items at issue [are] real or personal property is a mixed question of law and fact. * * * On issues regarding the facts, we defer to the trial court, but on issues relating to legal conclusions, we review the decision de novo." G L Investments v. Designers Workshop,Inc. (June 26, 1998), 11th Dist. No. 97-L-072.
The trial court found that Appellee demonstrated annexation and that "the system is clearly annexed to the realty." The transcript of proceedings indicates that the water softener and the drinking system were installed in two separate locations in Appellee's home: (1) under the sink; and (2) "where the water comes into the * * * home." Obviously, a water softener and a drinking system would have to be connected to existing plumbing in a house to some degree in order to function. Despite this testimony and the trial court's specific finding of annexation, the majority finds no annexation exists.
Additionally, the water softener and the drinking system were devoted to the use, or purpose, of the realty. Teaff, 1 Ohio St. at 530. In fact, the trial court specifically found the water was unusable without the system and a new system would have to be installed were this one removed. Testimony supported that Appellee's water supply was not usable or drinkable. Consequently, Appellee purchased the water softener and the drinking system to provide water, which could be used for drinking and laundry purposes.
Lastly, the intent to make a chattel a fixture involves the intent to "devote the chattel to the use and service of the land or structure already a part of the land, in such manner to enhance the serviceability of the whole as a permanent unit of property to whatever use it may be devoted." Zangerle v. Standard Oil Co. of Ohio (1945), 144 Ohio St. 506,519. Appellee purchased the water softener and the drinking system to obtain water that was usable and drinkable. Specifically, Appellee stated that he "couldn't even wash clothes in [the water] before" he purchased the water softener and the drinking system. The trial court found that Appellee intended to make the water softener and the drinking system a permanent part of the realty. Since Appellee devoted the water softener and the drinking system to the use and service of the realty in order to enhance the serviceability of the whole, the final element of the Teaff
test has been satisfied.
Accordingly, I would affirm the judgment of the Wayne County Municipal Court.