[Cite as *J & J Oil & Gas, Inc. v. MDR Properties II, L.L.C.*, 2014-Ohio-3119.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| J & J OIL & GAS, INC. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| MDR PROPERTIES II, LLC | : | Case No. 13CA23 |
| | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Mount Vernon Municipal Court, Small Claims Division, Case No. 13SMI-0065

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 14, 2014

APPEARANCES:

For Plaintiff-Appellant

LARRY F. SHAFER
Shafer Law Offices, LLC
7 North High Street, PO Box 518
New Albany, OH 43054

For Defendant-Appellee – Pro Se

Lisa Davis
MDR PROPERTIES II, LLC
6040 Mount Liberty Road
Centerburg, OH 43011

*Baldwin, J.*

{¶1}    Plaintiff-appellant J & J Oil & Gas, Inc. appeals from the July 2, 2013 Journal Entry of the Mount Vernon Municipal Court, Small Claims Division.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On May 29, 2013, appellant J & J Oil & Gas, Inc. dba Schilling Propane filed a small claim complaint in Mount Vernon Municipal Court against appellee MDR Properties II, LLC, alleging that appellee refused to return an underground propane tank belonging to appellant. Appellant sought judgment in the amount of $2,950.00 plus interest.

{¶3}    A hearing was held on July 1, 2013. The following evidence was adduced at the hearing.

{¶4}    On or about October 5, 2000, a Customer Tank Lease Agreement was entered into between Sam Workman, as the customer, and Schilling Propane. Pursuant to the terms of the same, Workman  paid a fee to have a 1000 gallon underground propane tank installed on his property and agreed to pay for gas deliveries when due. The agreement stated that the tank "is and shall remain the property of Schilling Propane."

{¶5}    Workman purchased propane from Schilling Propane for approximately nine or ten years until the purchases ceased due to Workman's financial problems. Schilling attempted to contact Workman by letter, but was not successful. Because there was no contact from Workman, Schilling removed the regulator attached to the tank in 2010 or 2011.

{¶6}     After receiving a call from someone at the subject property stating that the customer had no service, the regulator was reinstalled. The service technician had a conversation with the people at the residence at such time and told them to call appellant's office the next day. They never did. Gary Veith, appellant's employee, went out to the residence and was told by a woman there that she owned the tank, which had a value of $2,950.00. She asked him to leave the property.

{¶7}     At the hearing, Lisa Davis, appellee's Vice-President, testified that her mother acquired the subject property from a bank in 2011 after the same was foreclosed upon and that they then transferred the property to appellee.  She testified that when they moved into the property in late July of 2011, they did not know if there was a propane tank anywhere on the property and that the bank and realtor also did not know. Davis testified that they saw a regulator on the house; and assumed that there had to be something somewhere. According to Davis, she contacted a number of propane companies who had no records for her tank and who told her that if there was a buried tank, "it would extremely unlikely that it would've been a leased tank; that they – none of those propane companies would ever bury a leased tank." Transcript at 12.

{¶8}     When she finally found the buried tank, the tank had no identification or labeling as to whom the tank belonged to or who had filled it. Davis testified that there were no serial or phone numbers or codes on the tank. Davis also testified that she then believed that the tank was a "permanent fixture of the said property, being buried, not recorded." Transcript at 12. She also testified that when appellant took the regulator off of the tank, she had no hot water until the regulator was reinstalled.

{¶9}    At the conclusion of the hearing, the trial court granted judgment in favor of appellee. The trial court stated, in relevant part, as follows:

{¶10}   "THE COURT:  Well this is not the first propane case I've had.  I know that propane dealers are pretty diligent about not using somebody else's tank.  They're very careful about not using somebody else's tank, and we've had several battles about getting rid of old tanks and new tanks and who owns what tanks and so forth.  This tank was buried.  I don't think Shilling Propane took muck of an action to warn anybody that it was their tank.  There's no stickers on the inside of – there has to be some kind of opening or somewhere, a lid or some place, other access, how you fill it.  I don't know.  There should be some kind of a sticker there that says, property of, and you've failed to file any kind of UCC statement or stickers or put any kind of notice out there that that tank was yours, Mr. Veith.   So I'm going to grant judgment for the Defendant." Transcript at 18.

{¶11}   Pursuant to a Journal Entry filed on July 2, 2013, the trial court memorialized its decision granting judgment in favor of appellee.

{¶12}   Appellant now raises the following assignment of error on appeal:

{¶13}   THE SMALL CLAIMS COURT ERRED WHEN IT HELD THAT TITLE TO A LEASED PROPANE TANK TRANSFERRED TO DEFENDANT-APPELLEE WHEN SHE PURCHASED THE PREVIOUSLY FORECLOSED REAL PROPERTY BECAUSE THE PLAINTIFF-APPELLANT FAILED TO FILE A UCC FIXTURE STATEMENT.

I

{¶14}   Appellant, in its sole assignment of error, argues that the trial court erred in granting judgment in favor of appellee.

{¶15}  Appellant argues initially that the propane tank was not a fixture and that appellant did not, therefore, need to file a UCC (Uniform Commercial Code) fixture statement to preserve its ownership interest as held by the trial court.

{¶16}  "A fixture is an article [that] was a chattel, but [that] by being physically annexed or affixed to the realty, became accessory to it and part and parcel of it." *Teaff v. Hewitt,* 1 Ohio St. 511, 527 (1853). Classification as a fixture requires three elements: (1) "[a]ctual annexation to the realty, or something appurtenant thereto;" (2) "[a]ppropriation to the use or purpose of that part of the realty with which it is connected;" and (3) "[t]he intention of the party making annexation, to make the article a permanent accession to the freehold...." *Id.* at 530.

{¶17}  Over the years, "flesh [has been] added to the bare bones of the tripartite *Teaff* test." *Masheter v. Boehm,* 37 Ohio St.2d 68, 73, 307 N.E.2d 533 (1974). "The factor of physical annexation of personal property to the realty has come to be regarded as less determinative of fixture status than was formerly the case at common law." *Id.* In fact, the Ohio Supreme Court has described it as "the least important" of the three *Teaff* factors. *Id.* (quoting *Holland Furnace Co. v. Trumbull Sav. & Loan Co.,* 135 Ohio St. 48, 53, 19 N.E.2d 273 (1939)). "Thus, a chattel may be considered a fixture even though only slightly attached ... but will not necessarily be considered a fixture because of a high degree of attachment to the realty unless the other criteria are met." *Id.*

{¶18}  We find that the trial court did not err in finding the propane tank to be a fixture. The tank was buried underground and affixed to the subject residence via tubing and fittings. Without the propane tank, the house would not have hot water. At the hearing, Lisa Davis testified that if the tank was removed, it would cause damage to her

property. The manner in which the tank was installed reflected the intention that it become part of the residence. We find, therefore, that  because the tank was a fixture, contrary to appellant's argument,  the need to file a fixture statement was not negated.

{¶19}   Appellant also argues that the trial court erred in holding that appellee, as buyer of the real estate, was an innocent purchaser lacking actual knowledge of an unrecorded interest in the propane tank.

{¶20}   Appellant, in its brief, argues that appellee, as the buyer of the property, had a duty to inspect the premises to discover any patent reasonably observable defects to the property. Appellant notes that the tank in this case had a reasonably observable regulator placed above ground that would have informed any buyer of the tank.

{¶21}   However, the tank is not a defect. While the regulator was above, ground, as noted by the trial court, there were no stickers or any other identification on the tank stating that it was the property of appellant. Appellee clearly was not put on notice that the tank belonged to appellant.   While, as appellant alleges, a reasonable inspection by appellee would have identified the existence of the tank, it would not have put appellee on notice that anyone claimed an interest in the same.

{¶22}   Based on the foregoing, we find that the trial court did not err in granting judgment in favor of appellee and against appellant.

{¶23}   Appellant's sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Mount Vernon Municipal Court, Small Claims Division is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.